Springer, J.,
concurring in part and dissenting in part:
The Majority concludes that the failure of Brown’s trial counsel to cross-examine the victim constitutes ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984). I respectfully disagree. As Justice Shearing properly observes in her dissent, Brown’s counsel had ample reason not to cross-examine the victim. The trial judge’s comment that “[i]t is obvious that a full cross-examination of Ms. Rains would only have served to strengthen her direct testimony and infuriate the jury against [Brown]” speaks volumes on this point. The decision not to cross-examine the victim in this case does not fall below the deferential standard of competence established in Strickland.
I agree with the Majority, however, that Brown did not receive adequate assistance of counsel at his sentencing hearing. Brown’s counsel testified that he was unaware that Brown’s sentences could, by statute, run concurrently. The record reflects that counsel was not even aware of the minimum sentences for the offenses of which his client was convicted. It appears that counsel blindly concurred in the prosecutor’s recommendation without first informing himself of the various options available to his client; this falls below an objective standard of reasonableness. I would remand this matter for a new sentencing hearing.